## COMMONWEALTH *vs.* MARGARET BURKE.

A defendant who has been tried on two counts in an indictment before a jury, who have disagreed, may be put on trial on another count of the same indictment, before the same jury, at the same term of court.

INDICTMENT containing three counts; the first for being a common seller of intoxicating liquors; and the second and third for unlawful single sales to different persons. The defendant was put on trial in the superior court, and the district attorney introduced no evidence in support of the third count, (although the person therein named as the purchaser was in the court room throughout the trial, attending as a witness for the Commonwealth,) and stated that he did not ask for a conviction on that count. The jury did not agree, and were discharged from the further consideration of the case. On a subsequent day of the same term, the district attorney called up the indictment again for trial before the same jury, stating that he should ask for a conviction on the third count only. The defendant protested against going to trial under these circumstances, and objected to the admission of any evidence; but *Vose*, J., overruled the objection, and the defendant, being convicted on the third count and acquitted on the other two, alleged exceptions.

*E. W. Bond*, for the defendant, submitted the case without argument.

*S. H. Phillips*, (Attorney General,) for the Commonwealth.

BIGELOW, C. J.   We can see no error or irregularity in the proceedings at the trial of this cause.   After the first trial upon two counts of the indictment, which resulted in a disagreement of the jury, the defendant was still liable to be tried on the whole indictment, and it was a matter entirely within the discretion of the prosecuting officer to determine whether she should be again tried on the whole or any part of the charge at the same term of the court.   The only limitation in the exercise of this discretion was that the two counts upon which the disagreement had taken place could not be again put to the same jury.   But as to the offence charged in the count which had not been tried, the jury could not be supposed to be under any bias or prejudice.   The rights of the defendant are in no respect different from what they would have been if the charge had been set out in a separate indictment.   It is the constant and well settled practice to put a defendant on trial for a crime before a jury who have previously tried him at the same term of the court for similar offences.

*Exceptions overruled.*